## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| In re: ) | |
| Building Materials Corporation of America ) | |
| Asphalt Roofing Shingle Products Liability ) | MDL No.: 8:11-mn-02000-JMC |
| Litigation, ) | |
| _____) | |
| ) | |
| Thomas Byrd, on behalf of himself ) | |
| and all others similarly situated, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 8:12-cv-00789-JMC |
| ) | |
| vs. ) | **ORDER AND OPINION** |
| ) | |
| Building Materials Corporation of America, ) | |
| dba GAF Materials Corporation, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court on Defendant Building Materials Corporation of America, doing business as GAF Materials Corporation's ("GAF"), Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 13]. Extensive memoranda in support of and in opposition to this motion have been filed by the parties. Having considered the written arguments of the parties and the record before the court, GAF's motion is granted in part and denied in part.

### FACTUAL AND PROCEDURAL BACKGROUND

GAF is a Delaware corporation with its principal place of business in Wayne, New Jersey. It manufactures roofing materials, including asphalt roofing shingles marketed under the Timberline® brand name, in facilities located across the United States and sells these shingles nationwide. Plaintiff Thomas Byrd ("Byrd") is a homeowner in Vidalia, Georgia, who alleges

1

that he purchased a new home in February 2008 that is roofed with defective Timberline shingles. In purchasing the shingles, Byrd contends that he and his installing contractor relied on certain representations made by GAF and its agents including, but not limited to, promotional statements marketing the shingles as having superior durability qualities and expressly warranting on the shingle packaging that the product complied with ASTM International ("ASTM") industrial standard D3462. He further alleges that the shingles installed on his roof were manufactured and sold to him with a latent defect that causes the shingles to prematurely crack, of which GAF was aware but intentionally failed to disclose to Byrd and other consumers. Byrd brings this putative class action against GAF asserting claims for violation of the New Jersey Consumer Fraud Act ("NJCFA") (counts I); breach of express and implied warranties (counts II, III, and IV); negligence and strict liability (counts VI and VII); violation of Georgia's Uniform Trade Practices Act ("GUTPA") and Fair Business Practices Act ("GFBPA") (count V); fraudulent misrepresentation (count VIII); fraudulent concealment/equitable tolling (count IX); unjust enrichment (count X); and declaratory and injunctive relief (count XI) arising from GAF's sale of the allegedly defective roofing shingles.

## LEGAL STANDARD

**Standard of Review**

To survive a motion to dismiss, the Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)), in order to "give the defendant fair notice . . . of what the claim is and

the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (citations omitted). Stated otherwise, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Twombly*, 550 U.S. at 556). A complaint alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, 550 U.S. at 557) (quotation marks omitted).

In evaluating a motion to dismiss, a plaintiff's well-pled allegations are taken as true, and the complaint, including all reasonable inferences therefrom, is liberally construed in the plaintiff's favor. *McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are not entitled to an assumption of truth, and even those allegations pled with factual support need only be accepted to the extent that "they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**Choice of Law**

"This case is predicated on diversity jurisdiction and was filed in federal court, so it is governed by state substantive law and federal procedural law. For diversity cases that are transferred in a [multi-district litigation], the law of the transferor district follows the case to the transferee district." *In re MI Windows and Doors, Inc. Prod. Liab. Litig.*, Nos. 2:12–mn–00001,

2:12–cv–01256–DCN, 2012 WL 4846987, at *1 (D.S.C. Oct. 11, 2012) (citing *Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co.*, 611 F.3d 339, 345 (7th Cir. 2010) and *Manual for Complex Litigation Fourth* § 20.132). This case was originally filed in the United States District Court for the Southern District of Georgia. Therefore, Georgia's choice of law rules apply in this case. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941); *Colgan Air, Inc. v. Raytheon Aircraft Co.*, 507 F.3d 270, 275 (4th Cir. 2007) (per curiam); *Trumpet Vine Investments, N.V. v. Union Capital Partners I, Inc.,* 92 F.3d 1110, 1115 (11th Cir. 1996). Courts applying Georgia law have found it appropriate to resolve choice of law issues on a motion to dismiss. *See, e.g, Terrill v. Electrolux Home Products, Inc.*, 753 F. Supp. 2d 1272, 1280 (S.D. Ga. 2010) (finding it appropriate to determine choice of law issues on a motion to dismiss where the resolution of the issue advances the litigation and is not dependent on disputed facts).

Byrd has essentially conceded the applicability of Georgia law in all claims except the NJCFA claim as he primarily relies on law from the United States Court of Appeals for the Eleventh Circuit, the United States District Courts in Georgia, and Georgia state law throughout his response memorandum and only challenges the choice of law issue as it applies to the NJCFA claim. Accordingly, the court will focus its analysis of the choice of law issue on the NJCFA claim.

## DISCUSSION

**Insufficiency of Service of Process**

GAF initially contends that Bryd's complaint against it should be dismissed on the basis of insufficiency of service of process for Byrd's failure to serve GAF in accordance with Federal Rule of Civil Procedure 4.

Rule 4 requires a plaintiff to serve the defendant with the complaint within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m). Service of process must be accomplished pursuant to the requirements of Rule 4, which does not allow for electronic service of process. *See generally,* Rule 4. The court must dismiss without prejudice a complaint not served in compliance with Rule 4. *Id.*

Here, Byrd filed his initial complaint on February 3, 2012, but did not affect service of the complaint on GAF pursuant to Rule 4. It is undisputed that GAF entered an appearance in the case by counsel, had actual knowledge of the filing of the complaint, and the inclusion of the case in the multidistrict litigation management case *In re: Building Materials Corporation of America Asphalt Roofing Shingle Products Liability*, MDL No.: 8:11-mn-02000-JMC. Additionally, GAF participated in a status conference agreeing to a specific scheduling order for the filing of amended pleadings and dismissal motions. On May 1, 2012, Byrd filed an Amended Complaint in accordance with the scheduling order. However, Bryd did not complete service of process of the amended pleading on GAF pursuant to Rule 4. Although the court recognizes that actual notice is insufficient to meet the formal requirements of service of process under Rule 4, the court finds that the circumstances of this case warrant a finding of good cause for Bryd's failure to properly effect service of process. See *Reinhold v. Tisdale*, 2007 WL 2173368, at *3 (D.S.C. July 26, 2007) ("failure to adequately perfect service does not mandate dismissal . . ., "if the plaintiff shows good cause for the failure"). In light of the court's issuance of a scheduling order specifically allowing the filing of the amended pleading without objection by GAF to any service of process issues during the status conference, the court will excuse formal service of process under Rule 4.

**Breach of Warranties**

    A.  Statute of Limitations

GAF contends that Byrd's warranty claims fail because the statute of limitations expired before it commenced this action against GAF. GAF asserts that Georgia's four-year statute of limitations for breach of warranty in the sale of goods applies to this action.[1] *See* Ga. Code Ann. § 11-2-725(1)(1962).

> A cause of action [for breach of warranty] accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

Ga. Code Ann. § 11-2-725(2).

Warranties extending to future performance must do so specifically and explicitly. *See Everhart v. Rich's, Inc.*, 196 S.E.2d 475, 476 (Ga. 1973).

> While a breach of warranty generally occurs upon delivery of the goods regardless of the time of discovery of the breach . . ., where there is an agreement to repair or replace, the warranty is not breached until there is a refusal or failure to repair. '[I]t is the refusal to remedy within a reasonable time, or a lack of success in the attempts to remedy which would constitute a breach of warranty."

*Space Leasing Assoc. v. Atlantic Bldg. Systems*, 241 S.E.2d 438, 441 (Ga. App. 1977) (internal citations omitted).

Byrd, relying solely on Plaintiffs' Omnibus Memorandum, vigorously argues that its warranty claims should survive because GAF's alleged marketing and advertising representations that the shingles would last a certain number of years was sufficient to constitute a warranty for future performance under Ga. Code Ann. § 11-2-725(2). Because the GAF Smart

---

[1] Byrd does not dispute the application of the four-year statute of limitations pursuant to Ga. Code Ann. § 11-2-725 in this case. Therefore, the court will assume without deciding, that the warranty claims are subject to this statute of limitations and not any other.

Choice Shingle Limited Warranty ("Smart Choice Warranty") [Dkt. No. 13-7][2] provides for a method of repair and replacement, the court finds that it could be construed to be a contract for future performance. However, Byrd's Amended Complaint does not allege that Bryd ever gave GAF notice of any alleged defect when it was discovered, or that GAF ever refused or failed to honor any express warranty it provided at the time of purchase. Accordingly, to the extent Bryd attempts to allege a cause of action for breach of express warranty, it has failed to do so.

### B. Implied Warranty Claim

GAF also argues that First Baptist has not adequately stated a claim for breach of implied warranties of merchantability or fitness for a particular purpose.

"A product is defective and breaches the implied warranty of merchantability when it is not fit for the ordinary purposes for which such goods are used; such purpose is determined by the manufacturer and not the user." *Knight v. American Suzuki Motor Corp.*, 612 S.E.2d 546, 552 (Ga. App. 2005) (citing Ga. Code. Ann. § 11-2-314 (1962)) (internal quotation marks omitted). Additionally, a plaintiff must demonstrate that the product was defective at the time of delivery. *Id*. To adequately state a claim for breach of implied warranty of fitness for a particular purpose under Georgia law, a plaintiff must allege that: 1) at the time of the purchase; 2) the seller "has reason to know any particular purpose for which the goods are required;" and 3) that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods." Ga. Code Ann. § 11-2-315 (1962).

---

[2] The GAF Smart Choice Shingle Limited Warranty is attached as Exhibit A to the Affidavit of Linda Marion submitted by GAF in support of its motion. Bryd has not disputed the authenticity of the document and has referred to GAF's warranty in its Complaint. Therefore, the court finds that it may consider the Smart Choice Warranty in assessing GAF's motion. *See Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (noting that a court may consider documents attached to a motion to dismiss if such documents are integral to and explicitly relied on by the plaintiff in the complaint, provided that the plaintiff does not dispute the authenticity of the documents).

Upon review of Byrd's Amended Complaint, the court finds that it has made only general, conclusory allegations in its cause of action for breach of implied warranties. Bryd does not allege that the shingles are failing to serve their ordinary purpose but only that the shingles are exhibiting cracking. The Amended Complaint is devoid of any factual allegations concerning Bryd's reliance on GAF's judgment to select appropriate shingles for the particular use for which GAF required the shingles. Consequently, the court determines that Bryd has not stated a claim for breach of implied warranties.[3]

**Effect of Statute of Limitations on Byrd's Tort and Fraud Claims**

GAF argues that Byrd's tort and fraud claims are barred by the applicable statutes of limitations.

Georgia law provides that "[a]ll actions for trespass upon or damage to realty shall be brought within four years after the right of action accrues." Ga. Code. Ann. § 9-3-30 (2000). "Tort actions for damage to realty must be brought within four years of substantial completion of the property," regardless of the plaintiff's knowledge of the alleged defects. *Dryvit Systems, Inc. v. Stein,* 568 S.E.2d 569, 571 (Ga. App. 2002).

Bryd's Amended Complaint alleges that Byrd purchased his home in February 2008 and, further, that the subject shingles were installed in 2008. Byrd filed the initial complaint in this case on February 3, 2012. The court has no other information upon which it can determine when Bryd's claims accrued. Based on the allegations of the pleadings, the court has insufficient information to determine the statute of limitations issue at this time. Accordingly, it denies GAF's request to dismiss Byrd's tort and fraud claims on this basis.

---

[3] The court need not address GAF's warranty disclaimer arguments because the court has dismissed Byrd's warranty claims on other grounds.

**Effect of Economic Loss Doctrine on Byrd's Tort and Fraud Claims**

As an alternative ground for dismissal, GAF contends that Byrd's tort and fraud based claims are barred by Georgia's economic loss rule and, therefore, the court should dismiss the causes of action.

Under Georgia law, "[i]n cases where the losses resulting from a defective product are purely economic in nature, the economic loss rule bars the plaintiff from seeking recovery under strict liability or negligence theories." *Home Depot U.S.A., Inc. v. Wabash Nat. Corp.*, 724 S.E.2d 53, 59 (Ga. Ct. App. 2012) (internal citations omitted). "'Economic loss' means damages for the loss of the value or use of the defective product itself, costs of repair or replacement of the defective product, or the consequent loss of profits, unaccompanied by any claim of personal injury or damage to other property." *Id.* (internal citations omitted).

> The economic loss rule, however, is subject to an exception in certain cases of misrepresentation. Specifically, one who supplies information ... in any transaction in which [that person] has a pecuniary interest has a duty of reasonable care and competence to parties who rely upon the information in circumstances in which the maker was manifestly aware of the use to which the information was to be put and intended that it be so used. This liability is limited to a foreseeable person or limited class of persons for whom the information was intended, either directly or indirectly.

*ASC Const. Equipment USA, Inc. v. City Commercial Real Estate, Inc*., 693 S.E.2d 559, 566 (Ga. App. 2010) (quoting *City of Cairo v. Hightower Consulting Engineers*, 629 S.E.2d 518, 525 (2006) (punctuation and internal citation omitted).

Here, the parties dispute whether Byrd has adequately alleged damage to "other property" to survive dismissal. GAF vigorously contends that Byrd has not alleged any damages related to the purported defect associated with the ASTM representation. First, GAF notes that Byrd fails to allege anywhere in the Amended Complaint any specific damage to property other than the shingles on his roof. In support of its argument, GAF directs the court to several allegations in

9

the Amended Complaint where Byrd alleges in a conclusory manner, without any factual support, that he has a "real and present injury in that she owns a home with substandard and damaged shingles that do not comply with ASTM D3462," and that the damage "includes the cost to replace the shingles to become code compliant and to avoid further damage to other parts of the structure," as well as "the cost of repairing the damage to . . . other property that was caused by GAF's sale of defective shingles." Amended Complaint, at ¶127. Other allegations in the Amended Complaint generally refer to "damage to property other than the GAF shingles" without any indication as to what that damage may be. *Id.* at ¶ 128.

Other than conclusory statements concerning speculative and hypothetical damage to Byrd's property and that of the putative class members, the court finds that Byrd has failed to sufficiently allege any damage to "other property." Additionally, it is undisputed that this case does not involve any allegations of personal injury. Without any allegation of actual injury to property other than the defective product itself and the consequential damages resulting from the replacement of the defective product, Byrd has presented the court with tort actions merely sounding in negligence which fall squarely within the parameters of those actions barred by Georgia law. Therefore, the tort claims must be dismissed. However, the misrepresentation exception prevents application of the economic loss doctrine to Byrd's fraud based claims. Accordingly, the court denies GAF's request to dismiss the fraud based claims on this ground.

**Unjust Enrichment**

GAF seeks dismissal of Byrd's equitable claim for unjust enrichment on the ground that Byrd has an adequate contractual remedy.

Georgia law provides that "[t]he theory of unjust enrichment applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust

10

enrichment unless compensated." *Smith Serv. Oil Co. v. Parker*, 549 S.E.2d 485, 487 (Ga. App. 2001). However, a plaintiff may plead alternative theories of recovery. *See Goldstein v. Home Depot U.S.A., Inc.*, 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) ("While a party may plead equitable claims in the alternative, the party may only do so if one or more of the parties contests the existence of an express contract governing the subject of the dispute.").

In this case, Byrd has pleaded a claim for unjust enrichment in the alternative and strongly disputes the breadth and scope of enforceability of any contractual warranty provisions. Therefore, the court finds it premature to dismiss Byrd's unjust enrichment claim.

**New Jersey Consumer Fraud Act**

GAF further argues that the court should dismiss Byrd's NJCFA claim because he is not entitled to any relief under the statute. Specifically, GAF complains that Byrd is a Georgia resident, that she purchased and installed the subject shingles in Georgia, and was exposed to the allegedly fraudulent statements in Georgia; therefore, Georgia substantive law applies to his claims in accordance with Georgia's choice of law rules.

Georgia employs the *lex loci delictis* doctrine to its choice of law analysis in fraud actions. *See Luigino's Int'l, Inc. v. Miller,* 311 F. App'x 289, 292 (11th Cir. 2009) ("Under Georgia's choice of law doctrine of *lex loci delictis*, the law of the state where the injury occurred governs the fraud action.").

> This doctrine instructs that the claims are governed by the substantive law of the place where the tort or wrong occurred. For torts of a transitory nature, like fraud, the place of the wrong is where the last event occurred necessary to make an actor liable for the alleged tort. Importantly, the last event necessary to make an actor liable for fraud is the injury, and consequently, for purposes of *lex loci delictis*, the place of the wrong is where that injury is sustained.

*NCI Group, Inc. v. Cannon Services, Inc.*, Civil Action File No. 1:09–CV–0441–BBM, 2009 WL 2411145, at *11 (N.D. Ga. Aug. 4, 2009) (citations and quotation marks omitted).

11

Here, GAF acknowledges the location of its principal place of business in New Jersey. Taking the allegations of the Amended Complaint as true, as the court must on a motion to dismiss, the court assumes that GAF's advertising and marketing statements and representations were made or originated from GAF's headquarters in New Jersey. However, the contact between New Jersey and the subjects of this dispute end there. Byrd alleges his exposure to the statements and representations was limited to his review of the shingle packaging in Georgia. Based on the allegations of the Amended Complaint, Byrd allegedly became aware of and relied upon GAF's representations in Georgia. Additionally, the Amended Complaint alleges that the subject shingles were located in Georgia at all relevant times of Byrd's awareness and reliance on the representations. Therefore, the court finds that Georgia substantive law applies under the *lex loci delictis* doctrine. Accordingly, the court dismisses Byrd's NJCFA cause of action against GAF with prejudice.

**Sufficiency of Fraud Allegations Under Federal Rule of Civil Procedure 9**

GAF seeks dismissal of all claims contained in Byrd's Amended Complaint which are based on allegations of fraudulent conduct (i.e., violation the NJCFA; violation of the Georgia statutes prohibiting unlawful or deceptive trade practices and false advertising; and fraudulent concealment/equitable tolling).

Federal Rule of Civil Procedure 9(b) requires that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In order to satisfy Rule 9(b), plaintiffs must plead with particularity

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and

> (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and
> (3) the content of such statements and the manner in which they misled the plaintiff, and
> (4) what the defendants obtained as a consequence of the fraud.

*Brooks v. Blue Cross & Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1371 (11th Cir. 1997) (internal quotation marks omitted).

Upon review of the Amended Complaint, the court finds that the majority of Byrd's claims of fraudulent conduct do not meet the heightened standard of Rule 9(b). Although Byrd's Amended Complaint contains copious allegations concerning GAF's advertising, marketing, and fraudulent concealment of information, Byrd fails to specify the time, place, or manner of these alleged fraudulent activities. In fact, Byrd's Amended Complaint predominantly rests on broad assertions regarding GAF's conduct in other litigation. Byrd's allegations against GAF regarding its alleged statements on websites, in advertising, or in other marketing fail the pleading standard of Rule 9(b) and cannot support Byrd's fraud based causes of action.

However, Byrd has not made any independent claim for common law fraud. Therefore, he need plead only one allegation of fraudulent conduct with sufficient particularity to survive dismissal, which the court finds that Byrd has sufficiently provided here. Specifically, Byrd claims that he and anyone purchasing the shingles on his behalf relied on the written representations regarding the ASTM standards and code compliance affixed to the shingles packaging purchased and installed on Byrd's home in 2008. Byrd further alleges that GAF was aware of the falsity of this representation at the time of her purchase due to their involvement in prior litigation concerning the same or similar alleged defects that concluded in 1997 and reports of cracking problems in the late 1990's. These allegations supply the necessary who, what, when, and where to meet the Rule 9(b) pleading standard. Therefore, the court will not dismiss

13

Byrd's fraud based claims to the extent they rest on his allegations concerning the representations affixed to the shingle packaging purchased and installed on his home.

**Georgia Fair Business Practices Act**

GAF contends that Byrd's GFBPA claims are barred because the statute of limitations expired before he commenced his action against GAF because he acknowledges discovery of "cracking" in 2009 but did not file his claims until 2012.

The GFBPA precludes the commencement of any action under the statute "more than two years after the person bringing the action knew or should have known of the occurrence of the alleged violation." Ga. Code. Ann. §10-1-401(a)(1)(1975).

Byrd, relying solely on Plaintiffs' Omnibus Memorandum, contends that his claim is timely filed because the statute of limitations was equitably tolled by GAF's acts of fraudulent concealment. Under Georgia law, the doctrine of fraudulent concealment may toll the statute of limitations.

> The fraud which tolls a statute of limitation must be such actual fraud as could not have been discovered by the exercise of ordinary diligence. This rule is applied even where actual fraud is the gravamen of the action. The statute of limitation is only tolled until the fraud is discovered or by reasonable diligence should have been discovered.

*Bahadori v. Nat. Union Fire Ins. Co.,* 507 S.E.2d 467, 470 (Ga. 1998).

In his Amended Complaint, Byrd alleges that GAF affirmatively misrepresented the quality of its product by marketing and labeling its shingles as ASTM and code compliant despite GAF's alleged knowledge that such representations were false. *See generally,* Amended Complaint. Byrd further alleges that, due to the latent nature of the alleged defect, he had no reasonable method of discovering his cause of action until the product began to manifest an issue that would have prompted some manner of inquiry as to the source of the problem. *Id*.

14

However, based solely on the allegations of the complaint, the court finds that Byrd's cause of action under the GFBPA accrued in 2009 upon his discovery of the cracking shingles. Therefore, the court grants GAF's request to dismiss Byrd's GFBPA claims with prejudice on this basis.

**Declaratory and Injunctive Relief**

Finally, GAF seeks dismissal of Byrd's claims for a declaratory judgment and injunctive relief on the basis that Byrd has only asserted remedies and not independent causes of action.

It is well-established under Georgia law that claims for declaratory and injunctive relief are more in the nature of alternative remedies that may be awarded once a party prevails on a proper cause of action, and not causes of action to be pursued independent of an underlying claim. *See Cox v. Athens Regional Medical Center, Inc.*, 631 S.E.2d 792, 799 (Ga. App. 2006) (finding that claims for injunctive and declaratory relief could not survive where the underlying substantive claim failed). While Byrd may request declaratory and injunctive relief as remedies where appropriate based on properly stated causes of action, the court must conclude that the Amended Complaint fails to state an independent basis for either declaratory or injunctive relief separate and apart from the other causes of action asserted in the Amended Complaint. Therefore, the court shall consider Byrd's claims for injunctive and declaratory relief as alternative and/or additional remedies for the causes of action already asserted but dismiss the claims as independent causes of action.

## CONCLUSION

For the foregoing reasons, the court **GRANTS IN PART AND DENIES IN PART** GAF Materials Corporation's Motion to Dismiss the First Amended Complaint for Failure to State a Claim Upon Which Relief Can be Granted [Dkt. No. 13] as set forth herein. The court dismisses

Plaintiff Thomas Byrd's causes of action for violation of the New Jersey Consumer Fraud Act and violation of the Georgia Fair Business Practices Act with prejudice. The court further dismisses the claims for breach of express and implied warranties; negligence and strict liability; and declaratory and injunctive relief without prejudice. Plaintiff Thomas Byrd may amend his complaint to address the deficiencies noted by the court within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 25, 2013
Greenville, South Carolina